United States District Court
Southern District of Texas
ENTERED
April 02, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ERVIN ALONSO DIAZ MORAN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:26-CV-319 |
| | § | |
| WARDEN, PORT ISABEL DETENTION CENTER, | § | |
| | § | |
| | § | |
| Respondent. | § | |

# ORDER

Petitioner Ervin Alonso Diaz Moran is currently detained by Immigration and Customs Enforcement at the Port Isabel Detention Facility in Cameron County, Texas. His common law wife, Veronica Asturias, filed documents on Diaz's behalf "as next friend." (Exhibits, Doc. 9; Motion, Doc. 12) The record does not reflect that Asturias is a licensed attorney.

Federal law provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654. This statute "guarantees parties the right to proceed pro se in federal court[.]" *Raskin on behalf of JD v. Dallas Indep. Sch. Dist.*, 69 F.4th 280, 282 (5th Cir. 2023). In other words, "a party can represent himself or be represented by an attorney." *Gonzalez v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998). Section 1654, however, does not permit a party to be "'represented by a nonlawyer,' [ ] because the statute does not include the phrase, 'or by a nonlawyer.'" *Raskin*, 69 F.4th at 283 (quoting *Gonzalez*, 157 F.3d at 1021)). "Accordingly, for a person to invoke § 1654, the only requirement is that the case he seeks to prosecute must belong to him." *Raskin*, 69 F.4th at 283.

Federal Rule of Civil Procedure 17(c)(2) enables a non-lawyer to litigate as a next friend on behalf of a "minor or incompetent person[.]" "Individuals are incompetent for Rule 17 purposes if they lack the capacity to litigate under the law of their domicile." *Magallon v. Livingston*, 453 F.3d 268, 271 (5th Cir. 2006) (cleaned up) (citing *Thomas v. Humfield*, 916 F.2d

1032, 1034 (5th Cir. 1990)). The records submitted by Asturias indicate that Petitioner lived in Texas prior to being detained, making the state his domicile. *See Moler v. Wells*, 18 F.4th 162, 166 (5th Cir. 2021) ("[A}n incarcerated person resides in the district where he was legally domiciled before his incarceration.").

Under Texas law, a person is considered incompetent if he is "incapable, by reason of mental or bodily infirmity, of properly caring for his or her own interests in the litigation." *Abbott v. G.G.E.*, 463 S.W.3d 633, 645 (Tex. App.—Austin 2015, pet. denied). The Petition contains no allegations reflecting that Petitioner is incapable of properly caring for his own interests. Accordingly, it is:

**ORDERED** that by no later than April 13, 2026, Petitioner Ervin Alonso Diaz Moran and/or Veronica Asturias shall file a Statement with the Court showing cause why Asturias can serve as a next friend for Petitioner and represent Petitioner in this matter.

If no Statement is filed or if the Court determines that the Statement does not meet the requirements of Federal Rule of Civil Procedure 17, the Court may dismiss the case without prejudice.

It is also **ORDERED** that the Emergency Motion for Immediate Release Due to Medical Neglect and Unconstitutional Conditions (Doc. 12) filed by Asturias is **STRUCK** from the record as improperly filed.

Signed on April 2, 2026.

Fernando Rodriguez, Jr.
Fernando Rodriguez, Jr.
United States District Judge