UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ERVIN ALONSO D.M., | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:26-CV-319 |
| | § | |
| WARDEN, PORT ISABEL DETENTION | § | |
| CENTER, | § | |
| | § | |
| Respondent. | § | |

## <u>ORDER</u>

In this habeas action, Petitioner Ervin Alonso D.M. challenges his ongoing detention, requesting his release from custody and seeking injunctive relief that would require Respondents to provide him with medical care and adequate treatment. Petitioner's common-law wife, Veronica Asturias, who is a non-lawyer, seeks to represent Petitioner as his next friend.[1] (*See* Statement on Next Friend Status, Doc. 15)

Respondents request summary judgment on several grounds. (MSJ, Doc. 26)

For the following reasons, the Court concludes that Asturias may not represent Petitioner as next friend, but that Petitioner has signed sufficient documents for the Court to consider him as a *pro se* litigant, and to accept his Petition and his response to Respondents' summary judgment motion. Based on the record and the applicable law, the Court finds that Respondents have demonstrated entitlement to summary judgment as to Petitioner's claims.

## I.    Next Friend Status

Petitioner's common-life wife, Veronica Asturias, requests that the Court approve her status as next friend of Petitioner, to permit her to submit filings on his behalf.    The Court

---

[1] Petitioner also contends that ICE personnel at Port Isabel are falsely claiming that he is not detained there and, as a result, are not providing him with mailed court filings. (*See* Declaration, Doc. 32; *see also* April 22, 2026 Minute Entry indicating mail returned as undeliverable)  But Petitioner's own filings demonstrate that he has been able to access the records in this case and respond to arguments and filings made by Respondents.  And Petitioner provides no authority indicating that he can present this type of claim in a habeas action.

previously issued an Order (Doc. 14) explaining the standard for Asturias to represent Petitioner as next friend, and requiring her or Petitioner to show cause why the standard is met int his case. In response, Asturias claims that Petitioner "is unable to adequately pursue relief on his own behalf due to significant barriers beyond his control[,] . . . include[ing] serious medical conditions, restricted communications, denial of visitation, and interference with grievances." (Statement, Doc. 15)  According to Asturias, Petitioner "does not read or write in English[,] has extremely limited ability to write in Spanish[,]" and suffers from cognitive impairments as a result of a traumatic head injury he sustained in Nicaragua. (Asturias Decl., Doc. 16, 1)

Federal Rule of Civil Procedure 17(c)(2) enables a non-lawyer to litigate as a next friend on behalf of a "minor or incompetent person[.]" "Individuals are incompetent for Rule 17 purposes if they lack the capacity to litigate under the law of their domicile." *Magallon v. Livingston*, 453 F.3d 268, 271 (5th Cir. 2006) (cleaned up) (citing *Thomas v. Humfield*, 916 F.2d 1032, 1034 (5th Cir. 1990)). The records submitted by Asturias indicate that Petitioner lived in Texas prior to being detained, making the state his domicile. *See Moler v. Wells*, 18 F.4th 162, 166 (5th Cir. 2021) ("[A}n incarcerated person resides in the district where he was legally domiciled before his incarceration."). Under Texas law, a person is considered incompetent if he is "incapable, by reason of mental or bodily infirmity, of properly caring for his or her own interests in the litigation." *Abbott v. G.G.E.*, 463 S.W.3d 633, 645 (Tex. App.—Austin 2015, pet. denied)

"[W]hen fact issues exists as to person's incompetency or consent to next friend's representation, personal liberties involved necessitate further inquiry by trial court into person's mental capacity before proceeding[.]" *Id.* at 644 (citing *Lindly v. Lindly*, 102 Tex. 135, 113 S.W. 750, 752–53 (1908)).  "[T]here will almost always be a fact issue as to whether someone is a person non compos mentis (mentally incompetent)." *Saldarriaga v. Saldarriaga*, 121 S.W.3d 493, 498 (Tex. App.—Austin 2003, no pet.).

In the present case, the Court finds that the record unambiguously demonstrates that Petitioner possesses the capacity and ability to represent his interests in this lawsuit. In particular, Petitioner has signed several documents in this lawsuit, including, as examples, the Petition (Doc. 1, 4), his Response (Doc. 29, 3) to the summary judgment motion, and a Declaration (Doc. 33, 1) in which he discusses "the ongoing violations" of his rights. These documents reflect his ability to understand the nature of this litigation and to submit appropriate documents when necessary. Thus, while the record contains some evidence that Petitioner suffered head trauma in the past, it also negates that any injury has rendered him incompetent so as to warrant appointing Asturias as next friend.

As a result, the Court declines to recognize Asturias as next friend of Petitioner for purposes of this litigation.

The filings that Petitioner has signed also demonstrate that he agrees with the allegations and claims in his Petition, and that he has had an opportunity to respond to Respondents' motion for summary judgment. The Court will consider Petitioner as proceeding pro se, and will consider the Response (Doc. 29) as his arguments in opposition to the summary judgment motion.

## II.   Summary Judgment Motion

Respondents move for summary judgment as to Petitioner's claims that he is entitled to release from detention on statutory and constitutional grounds, and as to his challenge of the conditions of his confinement. (MSJ, Doc. 26)

### A.  Challenges to Detention

Petitioner alleges that by detaining him under 8 U.S.C. § 1225 without affording him a bond hearing, Respondents have violated his due process rights under the Fifth Amendment. Respondents request summary judgment, relying *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) as to Petitioner's statutory arguments, and contending that Petitioner's detention under Section 1225 does not violate his due process rights.

The Court agrees that *Buenrostro* forecloses Petitioner's statutory arguments regarding Section 1225.  As for his due process challenge, other courts have considered and rejected substantively-similar arguments. *See, e.g., Zuniga v. Lyons*, No. 1:25-CV-221-H, 2025 WL 3755126, at *8 (N.D. Tex. Dec. 29, 2025); *Guzman-Diaz v. Noem*, No. 3:25-CV-3008-X-BN, 2026 WL 309938, at *8 (N.D. Tex. Feb. 5, 2026); *Giron v. Noem*, No. 4:26-CV-00086, 2026 WL 252370, at *2 (S.D. Tex. Jan. 28, 2026); *see also Banyee v. Garland*, 115 F.4th 928, 930 (8th Cir. 2024). These decisions applied the Supreme Court's jurisprudence recognizing that for aliens seeking admission, due process is satisfied through the procedures and rights that Congress elects to enact through legislation. *See*, *e.g.*, *Demore v. Kim*, 538 U.S. 510, 523 (2003); *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 138 (2020); *Reno v. Flores*, 507 U.S. 292, 306 (1993).

The Court finds the reasoning of *Zuniga*, *Guzman-Diaz*, *Giron*, and *Banyee* to be persuasive.[2]  For the reasons expressed in those decisions, the Court concludes that Petitioner's continued detention under Section 1225(b)(2)(A) without a bond hearing does not violate his due process rights under the Fifth Amendment.

## B.  Conditions of Confinement

Petitioner alleges that Respondents have provided inadequate care for "life-threatening" medical conditions, and he requests, in part, an "emergency medical evaluation." (Petition, Doc. 1, 3)  The record contains evidence of Petitioner's serious medical conditions, and he submits a Declaration indicating that on occasion, multiple days have passed without him receiving proper meals, and that Respondents have at times given him meals they knew he could not eat. (Declaration, Doc. 33, 1)

---

[2] While recognizing that other district courts have reached a contrary conclusion on this issue–see, e.g., *Ochoa v. Vergara*, No. 1:26-CV-266-RP, 2026 WL 482211 (W.D. Tex. Feb. 20, 2026); *Hassen v. Noem*, No. EP-26-CV-00048-DB, 2026 WL 446506, at *2 & n.1 (W.D. Tex. Feb. 9, 2026); *Marceau v. Noem*, No. EP-26-CV-237-KC, 2026 WL 368953 (W.D. Tex. Feb. 9, 2026)–the Court respectfully disagrees with these decisions

In response, Respondents argue that an immigration detainee cannot utilize a habeas petition to challenge the conditions of his confinement, including medical care. Alternatively, they also submit evidence that "Petitioner has been receiving consistent and continued treatment for his medical issues and was taken to a local hospital after he complained of chest pain[,]" noting also a scheduled cardiologist appointment. (MSJ, Doc. 26, 10) And they observe that the medical records that Petitioner submits reflect healthy kidney functions (*see, e.g.*, Exhibits, Doc. 9, 98) and assert that Petitioner has otherwise received medical care while in Respondents' custody. (*See* ICE Medical Records, Doc. 27-5, 33, 35).

As a threshold matter, the Court agrees that Petitioner cannot challenge the conditions of his confinement in this habeas action. "Typically, habeas is used to challenge the fact or duration of confinement, and 42 U.S.C. § 1983 is used to challenge conditions of confinement." *Poree v. Collins*, 866 F.3d 235, 243 (5th Cir. 2017). Courts have denied habeas petitions that challenged the conditions of their confinement and requested additional medical care. *See, e.g.*, *Hernandez v. Garrison*, 916 F.2d 291, 293 (5th Cir. 1990) (explaining that injunctive relief to rectify claims of overcrowding, denial of medical treatment, and access to a law library "is not a proper subject for a habeas corpus petition"); *Rosa v. McAleenan*, 583 F. Supp. 3d 850, 873 (S.D. Tex. 2019); *Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997) ("If a favorable determination . . . would not automatically entitle [the detainee] to accelerated release, . . . the proper vehicle is a [civil rights] suit."). The same result applies here.

## III. Conclusion

For these reasons, the Court concludes that Petitioner is not entitled to relief. Accordingly, it is:

**ORDERED** that Respondents' Motion for Summary Judgment (Doc. 26) is **GRANTED**; and

**ORDERED** that Petitioner Ervin Alonso D.M.'s Emergency Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

The Clerk of Court is directed to close this case.

Signed on May 13, 2026.

Fernando Rodriguez, Jr.
United States District Judge